Scott, J.
For a cause of .action, such as is sued upon in this case, section 8 of the “ act for the relief of the poor,” passed March 14,1853 (S. & 0. 925), allows an action to be brought by -one township against another, in the county in which either of the townships may be situated.
Section 10 of the “act to authorize the establishment of poorhouses” (S. & C. 927) requires the directors of county infirmaries, to provide for paupers having a residence without the limits of their county, and confers upon them all the power and authority theretofore vested in overseers of the poor or township trustees. Such directors were thereby as fully authorized to maintain an action, in a case like the present, as township trustees were, under the existing laws. (7 Ohio St. Rep. 66.)
The 7th section of the act supplementary to the towns and cities act (S. & 0.1547), provides for the merger of townships into cities of the second class, where the boundaries of each are the same, and invests the city council, generally, with the powers and duties of township trustees; and in the 8th section, it is provided that “ all suits authorized by law to b? *411 brought by or against such township or township trustees, shall be prosecuted by or against such city.”
Such being the provisions of the statute, we think the right of the plaintiffs to maintain an action, and the liability of the defendant to be sued, upon the cause of action stated in the petition, are both clear.
Nor do we understand the counsel for defendant as questioning. either; nor yet as denying the plaintiffs ’ right to bring suit within Muskingum county, upon such a cause of action, against a township in another county. But he claims that the defendant, being a corporation, under the- towns and cities act, is liable, by the provisions of the code, to be sued only in the county where it is situated.
The 48th section of the code provides that an action against a corporation created by the laws of this state, may be brought in the county in which it is situated, or has its principal office or place of business.
If this section exempts the defendant from liability to be sued outside of its own county, in a case like the present, why should it not equally exempt townships from a like liability? They, as well as cities, are corporations created by the laws of the state.
Section 58 of the code is also relied on in argument; but, clearly, it has no reference to suits against corporations. They are provided for in the prior sections, after which this .section enacts that “every other action must be brought in the county,” etc. The word “other” excludes from the operation of the section, the cases antecedently provided for.
The right of action, which the plaintiff is here asserting, is given only by statute, and the same statute which gives the right of action allows the suit to be brought either in the county of the plaintiff or in that of the defendant. Such has ever beer, .the unvarying legislation of the state in this class of cases. And we think it apparent from sections 51 and 605 of the code, that the general rule prescribed in the 48th section, was not intended to apply to statutory actions in which a different rule, or mode of proceeding, was specially author *412 ized by tbe law which gave the right of action. It was intended that, in such cases, the special provisions should control and limit the general rule.
The judgments of the district court, and of the court of common pleas, will be reversed, and the case be remanded to the court of common pleas for further proceedings.
Brinkerhofe, C.J., and Day, White, and Welch, JJ., con curred.